**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. CV-05-1124 JC/KBM
                                                       CR-97-0446 JC

JASON CORY BARBER,

    Defendant.

MEMORANDUM OPINION AND ORDER

        This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 54) filed October 24, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to one count of an indictment charging possession with intent to distribute methamphetamine and marijuana. *See* 21 U.S.C. § 841(a)(1), (b)(1)(B)-(D). On April 6, 1998, the Court entered judgment on Defendant's conviction. The Court of Appeals for the Tenth Circuit affirmed Defendant's conviction and sentence, *see United States v. Barber*, No. 98-2106, 1999 WL 152294, at **1 (10th Cir. Mar 22, 1999), and on October 4, 1999, the Supreme Court denied his petition for writ of certiorari, *see Barber v. United States*, 528 U.S. 864 (1999). Defendant now raises three categories of claims: illegal sentence under the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005); violation of the Suspension Clause; and ineffective assistance of counsel.

        Defendant's allegations of illegal sentence do not support claims for relief. The *Blakely* decision applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466,

490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in *Blakely* set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See id.*, 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *Booker* stated that the "statutory maximum" in federal sentencing is the sentence that may be imposed under the U.S. Sentencing Guidelines based only on facts that are admitted or found by a jury beyond a reasonable doubt. *Booker*, --- U.S. at ---, ---, 125 S. Ct. at 749, 756. The Court in *Booker* also ruled the mandatory application of the United States Sentencing Guidelines is unconstitutional. *See id.*, --- U.S. at --- - --, 125 S. Ct. at 756-56.

These rulings are not available to Defendant on collateral review of his criminal conviction or sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the rule previously announced in *Apprendi*, *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, and the Court will dismiss these claims.

Defendant's second claim is that he received ineffective assistance of counsel at sentencing. He alleges his attorney failed to argue against calculation of his sentence based on facts that were neither admitted nor found by a jury beyond a reasonable doubt. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient,

and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).

Defendant's allegations make no showing that his attorney's performance at sentencing was constitutionally deficient. Defendant was sentenced in 1998, and *Apprendi*, the first of the recent line of constitutional sentencing cases, was decided in 2000. As noted by the Court of Appeals for the Tenth Circuit, failure to argue for relief that is not available at the time does not amount to constitutionally deficient representation. *See United States v. Carew*, 140 F. App'x 15, 18 (10th Cir. 2005) ("counsel's failure to predict *Booker*'s constitutional and remedial holdings is not objectively unreasonable.") "[I]t is safe to say that no one . . . could have predicted the absolute sea-change in federal sentencing that would ultimately be wrought by the Supreme Court in its *Booker* remedial holding." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 750 (10th Cir. 2005) (Briscoe, J. concurring and dissenting), *quoted in Carew*, 140 F. App'x at 18. Defendant's claim of ineffective assistance of counsel, either as a substantive matter or as grounds to excuse procedural default, will be dismissed.

Finally, Defendant argues that certain statutory provisions enacted in 1996--adding a limitation period to § 2255 and restricting second or successive motions--violate the Suspension Clause. *See* U.S. Const. Art. I, § 9, cl. 2. This argument presents no question for ruling by the Court. Obtaining relief under the Suspension Clause " 'depends upon whether the [statutory] limitation . . . renders the habeas remedy "inadequate or ineffective" to test the legality of detention.' . . . [A] habeas petitioner must show that he is unable to use § 2255, and a failure to otherwise hear

his claim would raise serious constitutional questions." *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **2 (10th Cir. Dec 13, 1999) (quoting *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998)). In the first place, this is Defendant's initial § 2255 motion and thus his claims for relief are not affected by the restriction on second or successive petitions. And second, although the motion appears to be untimely, the Court denies his claims on the merits. Defendant makes no allegation of injury under either of these statutory procedural restrictions, *see Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450-51 (10th Cir. 1994) ("Article III of the Constitution requires a plaintiff to show . . . he or she has personally suffered an injury in fact"), and his Suspension Clause claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 54) filed October 24, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE